## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TAIVON APLES, individually, and with** | * | **CIVIL ACTION NO.:** |
| **ALNEISHA POLITE on behalf of their** | * | |
| **minor son, T.A., Jr.** | * | |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **THE ADMINISTRATORS OF THE** | * | **MAG:** |
| **TULANE EDUCATIONAL FUND d/b/a** | * | |
| **TULANE UNIVERSITY; KIRK** | * | **JURY TRIAL DEMANDED** |
| **BOUYELAS in his official capacity as** | * | |
| **Chief of Police for TULANE POLICE** | * | |
| **DEPARTMENT; LIEUTENANT DENIS** | * | |
| **SEREN, individually and officially;** | * | |
| **DETECTIVE DAVID HARRIS,** | * | |
| **individually and officially; SERGEANT** | * | |
| **BRIAN DEW, individually and officially;** | * | |
| **OFFICER MATTHEW WINCHESTER,** | * | |
| **individually and officially; SODEXO,** | * | |
| **INC.; and JOHN DOE SODEXO** | * | |
| **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** | * | **\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Taivon Aples (hereinafter, sometimes "Plaintiff"), individually, and with Alneisha Polite, on behalf of their minor child T.A., Jr., and for their Complaint, alleges as follows:

## THE PARTIES

1.

The defendants herein are:

a. The Administrators of the Tulane Educational Fund d/b/a Tulane University (hereinafter sometimes "Tulane"), a corporate body which the Tulane Police Department (hereinafter sometimes "TUPD"). It is able to sue and be sued in its own name and is a "person" within the meaning of 42 U.S.C. § 1983.

1

b. Kirk Bouyelas (hereinafter sometimes "Chief Bouyelas"), a person of the full age of majority and the duly appointed Chief of the Tulane Police Department, who resides in the Eastern District of Louisiana, and who is hereby sued in his official capacity. Plaintiff is informed and believes and thereon alleges that Chief Bouyelas is, and at all relevant times was, a policy-making official of Tulane and the TUPD. Chief Bouyelas is, and at all material times was, the individual charged with the duty and granted the authority to render final decisions regarding arresting policies and practices, including but not limited to use of force policies, of the TUPD, including without limitation the protocol used herein in the detention, arrest, and shooting of criminal suspects.

c. Lieutenant Denis Serena (sometimes hereinafter "Lt. Serena") is a person of the full age of majority, employed by the TUPD, who on information and belief resides within the Eastern District of Louisiana. Plaintiffs are informed and believe and therefore allege that Lt. Serena is, and at all relevant times was, a policy-making official of Tulane and TUPD, with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension, arrest, shooting of criminal suspects acting under the color of law and within his capacity as an employee, agent, representative, and servant of Tulane. Lt. Serena is sued herein in both his individual and official capacities.

d. Detective David Harris (hereinafter sometimes "Det. Harris") is a person of the full age of majority, employed by TUPD, who on information and belief resides within the Eastern District of Louisiana. Plaintiffs are informed and believe and therefore allege that Det. Harris is, and at all relevant times was, a policy-making official of Tulane and TUPD, with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension, arrest, and shooting of criminal suspects acting under the color of law and within

his capacity as an employee, agent, representative, and servant of Tulane. Det. Harris is sued herein in both his individual and official capacities.

e. Sergeant Brian Dew (hereinafter sometimes "Sgt. Dew") is a person of the full age of majority, employed by TUPD, who on information and belief resides within the Eastern District of Louisiana. Plaintiffs are informed and believe and therefore allege that Sgt. Dew is, and at all relevant times was, a policy-making official of Tulane and TUPD,
with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension, arrest, and shooting of criminal suspects acting under the color of law and within his capacity as an employee, agent, representative, and servant of Tulane. Sgt. Dew is sued herein in both his individual and official capacities.

f. Officer Joseph Elfer (hereinafter sometimes "Ofc. Elfer") is a person of the full age of majority, employed by TUPD, who on information and belief resides within the Eastern District of Louisiana. Plaintiffs are informed and believe and therefore allege that Ofc. Elfer is, and at all relevant times was, a policy-making official of Tulane and TUPD,
with respect to policies and practices involving the facts herein, including without limitation the protocol used herein in the apprehension, arrest, and shooting of criminal suspects acting under the color of law and within his capacity as an employee, agent, representative, and servant of Tulane. Ofc. Elfer is sued herein in both his individual and official capacities.

g. Officer Matthew Winchester (hereinafter sometimes "Ofc. Winchester") is a person of the full age of majority, employed by TUPD, who on information and belief resides within the Eastern District of Louisiana. Plaintiffs are informed and believe and therefore allege that Ofc. Winchester is, and at all relevant times was, a policy-making official of Tulane and TUPD, with respect to policies and practices involving the facts herein, including without limitation the

3

protocol used herein in the apprehension, arrest, and shooting of criminal suspects acting under the color of law and within his capacity as an employee, agent, representative, and servant of Tulane. Ofc. Winchester is sued herein in both his individual and official capacities.

h. Sodexo, Inc., is a foreign corporation licensed to do and doing business in Orleans Parish, State of Louisiana.

i. John Doe Sodexo (hereinafter sometimes "Sodexo Doe") is a person of the full age of majority, employed by Sodexo, who on information and belief resides within the Eastern District of Louisiana, and whose proper name Plaintiffs have been unable to ascertain. Plaintiffs are informed and believe and therefore allege that Defendant Sodexo Doe 3 is, and at all relevant times was, a policy-making official of Sodexo, with respect to policies and practices involving the facts herein, including without limitation the protocol used herein under the color of law and within his capacity as an employee, agent, representative, and servant of the Sodexo/Tulane.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983, while this Court has pendent jurisdiction over the State Claims herein.

3.

Venue is proper in this district and division under 28 U.S.C.A. § 1391(b), because the underlying acts and conduct violating applicable laws and constitutional rights occurred in this district; and/or each defendant conducts its/his/her affairs in, or is an inhabitant of, resides in, or has an agent in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4.

At the time of the incident, Plaintiff was a twenty-seven year old, recently paroled, former employee of Sodexo, Inc., who was on Tulane University's campus to pick up his last paycheck from Sodexo at the Green Wave Grill at or near Yulman Stadium, where he was employed. Also, at the time of the incident, TUPD had secured an arrest warrant for Plaintiff on charges of obscenity and simple assault.[1]

5.

On or about September 6, 2019, Lt. Serena was notified by Sodexo Doe that Plaintiff would be coming on Tulane's campus to pick up his last paycheck. Upon information and belief, at that time, Lt. Serena and Sodexo Doe hatched a plan to arrest Plaintiff in the service alley between the Hertz Building on Tulane's campus and parking garage under the pretense that Sodexo Doe would not only be tendering Plaintiff's last paycheck but also conducting an "exit interview."

6.

Prior to Plaintiff's arrival on Tulane's campus, he advised Sodexo Doe that Plaintiff's minor child, T.A., Jr., would be with him in the white sedan he would be driving. Upon information and belief, Sodexo Doe relayed not only the type of vehicle Plaintiff would be in but also that Plaintiff's minor son would be with him to Lt. Serena. Despite this information, Lt. Serena elected to proceed with his arrest by ambush plan.

7.

Also, on September 6, 2019, Lt. Serena recruited Det. Harris, Sgt. Dew, Ofc. Elfer, and Ofc. Winchester to participate in the arrest of Plaintiff by ambush. Specifically, Det. Harris and

---

[1] Those charges are currently pending in Orleans Parish Criminal District Court under case number 547-900

Sgt. Dew would be in Det. Harris unmarked black Ford F-150 hiding in a nearby parking garage and upon Lt. Serena's word (following Sodexo Doe's signal) would proceed to block Plaintiff from exiting the service alley while Lt. Serena, Ofc. Elfer, and Ofc. Winchester would be also lying in wait in a nearby parking garage ready to spring into action and arrest Plaintiff after Sodexo Doe's signal.

8.

As Plaintiff began backing out of the service alley – with his Sodexo paycheck on his person – Sodexo Doe gave his signal positively identifying Plaintiff, despite witnessing Plaintiff's minor son in the vehicle. Lt. Serena then gave Det. Harris his signal to leave the parking garage and block off the service alley. Det. Harris' reaction was slowed as the result of having to wait on a parking gate to rise and he was unable to completely block off the service alley. Det. Harris left enough room for Plaintiff to successfully back out of the service alley and onto Ben Weiner Drive. Simultaneously, Lt. Serena and Ofcs. Winchester and Elfer sprang from their hiding places with firearms drawn. Upon reaching Plaintiff's vehicle, Lt. Serena and Ofc. Winchester attempted to break the windows of Plaintiff's vehicle with their firearms.

9.

After successfully backing out of the service alley without incident and without touching Det. Harris' unmarked F-150, despite the commotion of multiple grown men waving firearms and attempting to break the windows to his vehicle with those firearms, Plaintiff put the vehicle in gear and proceed to drive away. At that point Det. Harris fired multiple rounds into the passenger side of Plaintiffs' vehicle – where T.A., Jr., was visibly sitting for all officers to see – striking Plaintiff in the abdomen.

10.

Shortly thereafter, Plaintiff was taken to the emergency room at Ochsner Main Campus where he underwent emergency surgery as a result of a gun-shot wound.

11.

Plaintiff alleges that Tulane University failed to properly train and/or supervise TUPD. Plaintiff alleges that TUPD failed to properly train its officers. Plaintiff alleges that Lt. Serena, Det. Harris, Sgt. Dew, Ofc. Elfer, and Ofc. Winchester knew or should have known they were not qualified to plan and execute an arrest by ambush and knew or should have known that firing a weapon into a fleeing vehicle is exercising excessive force. Accordingly, Plaintiff alleges that he was the victim of excessive force, to wit: a gunshot to the abdomen.

12.

As a consequence, Plaintiff alleges he suffered serious, past, present, and future physical pain, mental anguish, emotional distress, disability, loss of enjoyment of life, disability from engaging in recreation, and other damages.

## COUNT I – VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (UNDER THE FOURTH AND FOURTEENTH AMENDMENTS)

13.

Plaintiff repeats, re-alleges, and incorporates by reference all of the preceding allegations of this Complaint.

14.

The conduct of Defendants deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States, including, but not limited to, Plaintiff's right to be free from unreasonable seizures, false arrests, and excessive force by police officers, under the

Fourth and Fourteenth Amendments to the United States Constitution.

15.

In performing these acts, Defendants acted under color of state law. The acts of the TUPD and the Tulane were the result of official policy, carried out and ratified by its officers, including Lt. Serena, Det. Harris, Sgt. Dew, Ofc. Elfer, and Ofc. Winchester, as more fully set forth below. Specifically, Plaintiff alleges that Lt. Serena, Det. Harris, Sgt. Dew, Ofc. Elfer, and Ofc. Winchester were a policy-maker with respect to the arrest procedure employed upon Plaintiff.

16.

Plaintiff is informed and believes and thereon alleges that, while Chief Bouyelas was not directly involved in the apprehension and seizure of Plaintiff, Chief Bouyelas was informed of the attempted arrest and shooting by Defendants and ratified their actions.

**No Qualified Immunity**

17.

At the time of the above attempted arrest and shooting, the contours of the law concerning reasonable arrests and uses of force were clearly established.

18.

Plaintiff further alleges that, at the time Defendants, which conduct Plaintiff is informed and believes was either willful or done with deliberate indifference to Plaintiffs' rights, such conduct was not objectively reasonable, and a reasonable official in those circumstances would understand that what he/she was doing violated the law.

19.

As a direct and result of Defendants' conduct as alleged above, Plaintiff hassuffered mental anguish and special and general damages.

8

20.

Plaintiff is entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against each of the Defendants, jointly and severally, as follows:

1. For a declaration that Defendants' conduct deprived Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States;

2. For an injunction prohibiting in the future Defendants' illegal acts and misconduct complained of herein;

3. For compensatory general, special, and economic damages in an amount according to proof;

4. For damages incurred due to Plaintiffs pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, financial hardship, legal fees related to Plaintiff's criminal defense, lost wages, past, present, and future, and loss of earning capacity, past, present, and future;

5. For punitive damages;

6. For attorneys' fees in accordance with any and all statutes and laws, including without limitation those attorneys' fees pursuant to 42 U.S.C. § 1988;

7. For costs incurred herein; and

8. For such other and further relief as this Honorable Court may deem just and proper.

[SIGNATURE BLOCK NEXT PAGE]

**RESPECTFULLY SUBMITTED BY:**

**BURGOS AND ASSOCIATES, L.L.C.**

**s/GEORGE M. McGREGOR_____**
CESAR R. BURGOS (#24328)
ROBERT J. DAIGRE (#23016)
GABRIEL O. MONDINO (#31514)
**GEORGE M. McGREGOR (#33977)**
3535 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-3722
Facsimile: (504) 482-8525


**s/TIMOTHY T. YAZBECK_____**
**TIMOTHY T. YAZBECK (#34364)**
Of
**SMITH & FAWER, LLC**
201 St. Charles Ave │ Ste. 3702
New Orleans, Louisiana 70170
504.525.2200 P
504.525.2205 F

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial in this action pursuant to Federal Rules of Civil Procedure, Rule 38.

**RESPECTFULLY SUBMITTED BY:**

**BURGOS AND ASSOCIATES, L.L.C.**

**s/GEORGE M. McGREGOR_____**
CESAR R. BURGOS (#24328)
ROBERT J. DAIGRE (#23016)
GABRIEL O. MONDINO (#31514)
**GEORGE M. McGREGOR (#33977)**
3535 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-3722
Facsimile: (504) 482-8525


**s/TIMOTHY T. YAZBECK_____**
**TIMOTHY T. YAZBECK (#34364)**
Of
**SMITH & FAWER, LLC**
201 St. Charles Ave │ Ste. 3702
New Orleans, Louisiana 70170
504.525.2200 P
504.525.2205 F

*Attorney for Plaintiffs*